WILLIAM C. SIRAVO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Siravo v. Commissioner
Docket No. 22795-84.
United States Tax Court
T.C. Memo 1986-482; 1986 Tax Ct. Memo LEXIS 126; 52 T.C.M. (CCH) 663; T.C.M. (RIA) 86482; September 25, 1986. *126 Held, the affirmative allegations in R's answer were deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure. Such allegations deemed admitted are sufficient to sustain deficiencies for the taxable years 1974 through 1977 against petitioner. Held further, the allegations deemed admitted are sufficient to satisfy R's burden of proving fraud under sec. 6653(b), I.R.C. 1954, with respect to the taxable years 1974 through 1977. Doncaster v. Commissioner,77 T.C. 334 (1981), followed. William C. Siravo, pro se. Will E. McLeod, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION
*127 FEATHERSTON, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of hearing, consideration, and ruling on respondent's Motion for Summary Judgment filed herein. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on June 25, 1986, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency dated April 13, 1984, determined deficiencies in petitioner's Federal income tax and additions to the tax for the taxable years 1974 through 1977 as follows: Additions to the tax
Year
Amount of Tax
Section 6653(b)
1974
$11,753.82
$ 5,876.91
1975
$44,862.82
$22,431.41
1976
$55,314.11
$27,657.05
1977
$32,887.25
$16,443.62
*128 The primary adjustment in the notice of deficiency is that petitioner, William C. Siravo (hereinafter petitioner), omitted income from his jewelry business. The deficiency notice determined that petitioner received payments from specifically identified third persons or entities with the total omitted gross receipts for each year as follows: 1974
$36,459.00
1975
$90,022.47
1976
$96,136.25
1977
$59,133.99
PROCEDURAL HISTORY On November 4, 1985, petitioner's amended petition [3] was filed and on December 9, 1985, respondent's answer to amended petition was filed. In his answer to amended petition, respondent made affirmative allegations in support of his fraud additions under section 6653(b). [4] No reply having been filed, respondent's Motion for Entry of Order that Undenied Allegations in Answer Be Deemed Admitted under Rule 37(c) was filed on February 18, 1986. By notice dated February 20, 1986, petitioner was advised of the filing of respondent's motion and given until March 13, 1986 to file a proper reply. No reply having been filed, the Court, by order dated March 25, 1986, ordered that the affirmative allegations set forth in paragraphs 7(a) through *129 7(m) of respondent's answer to amended petition be deemed admitted. On June 25, 1986, respondent's Motion for Summary Judgment was filed in which respondent asks for a summary adjudication with respect to the deficiencies and additions to tax under section 6653(b) for the taxable years 1974 through 1977. By notice dated June 30, 1986, petitioner was advised of the filing of respondent's Motion for Summary Judgment and was further notified that a hearing would be held at the Motions Session of the Court in Washington, D.C. on August 6, 1986. When this matter was called at the Motions Session on August 6, 1986, counsel for respondent appeared and presented argument. No appearance was made by or on behalf of petitioner. [5]
*130 We now proceed to respondent's Motion for Summary Judgment, filed June 25, 1986. The following findings of fact are based upon the entire record including the affirmative allegations of fact set forth in respondent's answer to amended petition, filed December 9, 1985, deemed admitted by our March 25, 1986 order. FINDINGS OF FACT During the taxable years 1974 through 1977, petitioner was engaged in the jewelry jobbing business. Petitioner received gross income in his jewelry jobbing business for the years and in the amounts as follows: 1974
$36,459.00
1975
$90,022.47
1976
$96,136.25
1977
$59,133.99
On his income tax returns for the taxable years 1974 through 1977, petitioner did not report any of the income from his jewelry jobbing business.Petitioner understated his taxable income and his income tax liabilities for the taxable years and in the amounts as follows: Understatement
Understatement
Years
of Taxable Income
of Tax Liability
1974
$33,209.00
$11,753.82
1975
$87,222.47
$44,862.82
1976
$93,236.25
$55,314.11
1977
$57,633.99
$32,887.25
Petitioner was convicted under the provisions of section 7206(1) for not *131 reporting receipts from his jewelry jobbing business for the taxable years 1974 through 1977. During the examination of his returns for the years in issue, petitioner denied knowing of payments received with respect to this income. Petitioner's failure to report gross income from his jewelry jobbing business was fraudulent with the intent to evade tax. Petitioner's filing false and fraudulent income tax returns for the taxable years 1974 through 1977 was fraudulent with the intent to evade tax. Petitioner fraudulently and with the intent to evade tax, failed to produce records or other information of his jewelry jobbing business to respondent's agents in connection with the examination of his income tax returns for the taxable years 1974 through 1977. OPINION Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b). The burden of proving that there is no genuine issue of material fact is on the moving party. Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The factual allegations in the answer respecting respondent's determination *132 of a deficiency in income tax for the taxable years 1974 through 1977 have been deemed admitted by our order dated March 25, 1986. Accordingly, we conclude that there is no genuine issue of material fact with respect to the deficiency determination. Respondent is entitled to a judgment respecting that determination as a matter of law. With respect to the addition to tax under section 6653(b) the burden of proof is on respondent to prove by clear and convincing evidence that an underpayment exists and that a part of the underpayment of tax is due to fraud with the intent to evade tax. Section 7454(a), Rule 142(b), Stratton v. Commissioner,54 T.C. 255 (1970). We have previously determined that respondent's burden can be satisfied through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981) (a Court reviewed Opinion).[6] The material factual allegations in the answer with respect to fraud which have been deemed admitted clearly and convincingly establish that for the taxable years 1974 through 1977 an underpayment of tax exists and part of the underpayment is due to fraud with intent to evade tax. *133 Since there is no genuine issue as to any material fact present in the record, respondent is entitled to a decision as a matter of law. Respondent's Motion for Summary Judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(d) of the Internal Revenue Code of 1954, as amended, and Rule 180, Tax Court Rules of Practice and Procedure.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. A document marked as a petition was timely filed on July 2, 1984. ↩
4. Respondent had previously made similar allegations in his answer filed on Jan. 2, 1985. ↩
5. We note that by Order dated Sept. 9, 1985 we vacated and set aside prior orders dismissing this matter with respect to the deficiencies in tax and deeming admitted respondent's affirmative allegations. We also denied respondent's Motion for Summary Judgment, filed July 16, 1985. In our Memorandum Sur Order attached to the Sept. 9, 1985 Order we detailed the history of this case to that date. We see no need to repeat the procedural history herein. We also stated as follows: On September 6 the Court initiated and conducted said telephone conference call with Thomas C. Boscarino, Esq. and Robert J. Percy, Esq. of respondent's Hartford Office, Mr. DeCesaris and petitioner William C. Siravo. Mr. Siravo advised that he did indeed wish to properly prosecute his case and that if given the opportunity by the Court he would file a proper amended petition in 60 days time. In the circumstances, the Court directed that with some constraint it would vacate appropriate orders now in the record and deny appropriate motions to make the path clear for the filing of a proper amended petition. However, it was made manifestly clear that if petitioner did not proceed as directed that upon the filing of an appropriate motion by respondent the Court would take further action leading to a decision on the merits against petitioner.↩
6. See also Jackson v. Commissioner,T.C. Memo. 1986-15↩ and cases cited therein at n. 8.